REQUESTED BY: Dear Senator:
You have asked this office to review and either confirm of explain why we disagree with the contents of a memorandum that you have distributed to the members of the Legislature. Your memorandum is a discussion of the effect of the `good time' law on Senator Simon's amendment to LB 64. Senator Simon's amendment to LB 64 provides that a person convicted of first degree murder shall receive a thirty to ninety year sentence without provisions for parole. Because of further correspondence from Senator Simon, we are now aware that he intends to amend his amendment to provide that a person convicted of first degree murder shall be sentenced to a term of thirty to ninety years with no provisions for parole and further that the person convicted shall not be accorded `good time' reductions from his maximum sentence to determine his mandatory discharge from the custody of the state.
As a preface to the discussion of the effect of the Simon amendment to LB 64, it is necessary to discuss the effect of the current `good time' laws on a convicted offender. This Legislature, in 1975, passed LB 567 which was a bill intended to increase the effectiveness of good time as a tool for influencing the behavior of those committed to any facility operated by the Department of Correctional Services. Section 2 of LB 567 (section83-1,107, R.S.Supp., 1976) provides for good behavior deductions from an offender's minimum term to determine the date of his eligibility for parole and from his maximum term to determine the date when his discharge from the custody of the state becomes mandatory. Section 3 of LB 567 (section83-1,107.01, R.S.Supp., 1976) provides for faithful performance deductions from an offender's maximum term to determine when his discharge from the custody of the state becomes mandatory. Those faithful performance deductions are not deducted from an offender's minimum term to determine his parole eligibility. The following is a hypothetical example of the effect of the current law (LB 567) as it now operates.
A convicted offender sentenced to an indeterminate term of thirty to ninety years would, by the application of section83-1,107, R.S.Supp., 1976, be eligible for parole after serving twenty years and three months. The same convicted offender, if he forfeited no good time, would be entitled to discharge from the custody of the state after serving approximately sixty-four years and nine months.
Another hypothetical example to consider under the present law is that of a flat sentence. If a convicted offender were to receive a flat sentence of thirty years, he would be eligible for parole in twenty years and three months, but he would be eligible for mandatory discharge, providing that he had not forfeited any of his good time, in fifteen years and five months. It should be pointed out and emphasized here that parole eligibility is determined by deducting good time from the minimum sentence. Mandatory discharge is determined by making deductions from the maximum sentence. Therefore, on a flat sentence of thirty years, a convicted felon who loses no good time is entitled to mandatory discharge before he is eligible for parole. It is also important to note that the Board of Parole has no discretion in granting a mandatory discharge but does have discretion in granting parole.
Under Senator Simon's amendments and his amendments to the amendments, the good time provisions of section 83-1,107
and 83-1,107.01, R.S.Supp., 1976, would be eliminated in the case of convicted first degree murderers. There are, under his amendments, no provisions for parole and no provisions for good time or faithful performance deductions in a sentence. The effect of such a sentence would be as follows.
Again, we will begin with the hypothetical example of a convicted person being sentenced to a term of thirty to ninety years. Since the good time provisions of section83-1,107 have been eliminated, there will be no reduction from the minimum term for the purposes of determining parole eligibility. That being the case, the minimum sentence of thirty years is of no effect whatsoever. Since the reductions from the maximum sentence to determine when discharge from custody of the state becomes mandatory would also be eliminated, the ninety year sentence is not reduced. These two facts have the effect of making an indeterminate sentence of thirty to ninety years in fact a flat sentence of ninety years. In other words, under Senator Simon's amendments, there would be no such thing as an indeterminate sentence but only flat sentences falling within the limits of the minimum of thirty years and a maximum of ninety years. Again, in a hypothetical situation of a convicted person who was sentenced to a flat thirty year sentence, that person would not be entitled to the good time provisions or parole provisions of 83-1,107 and 83-1,107.01 and would therefore not be eligible for parole at any time and would not be eligible for release until he had served his complete thirty year sentence.
In a subsequent handwritten letter to this office dated April 7, 1977, you ask whether or not, since the object of Simon's amendments to LB 64 is to produce a minimum sentence of thirty years in cases of first degree murder, whether or not that end could be achieved by providing that a minimum sentence of forty-five years would be imposed with no possibility of parole until at least two-thirds of that sentence (thirty years) had been served. We feel that this is a completely legitimate and defensible condition upon the granting of parole and could be defended. We should point out that we have also on this day written an opinion to Senator Simon in which we discussed the Legislature's power to set conditions for the granting of parole. In that opinion we discussed whether or not the Legislature, in light of Article IV, section 13, could eliminate the provisions of parole for a certain class of offenders. While we reached no categorical conclusion, we did say that we felt such a condition prescribed by the Legislature would be constitutionally defendable. Because you have made the statement in your memorandum circulated to the Legislature that the Legislature may restrict, grant or withhold parole, we have attached hereto a copy of our opinion to Senator Simon in which we discuss whether or not the Legislature may so act.
It must be noted that the entirety of the above discussion concerning the effect of the Simon amendments is subject to the power of the pardoning board. The Legislature cannot alter the power of the Pardon Board to reduce or commute a sentence imposed. Regardless of what this Legislature does with regard to sentencing statutes and parole statutes, the power of the Board of Pardons to commute sentences will be unfettered.
To sum up the above, it is first necessary to keep in mind the question of the constitutionality of an attempt by the Legislature to eliminate eligibility for parole in certain classes of offenses. Secondly, it is necessary to keep in mind and distinguish between eligibility for parole and mandatory discharge. Parole eligibility is determined by deducting good time provisions from the minimum sentence. Mandatory discharge is determined by making deductions from the maximum term. Under Senator Simon's first amendment providing for no parole, the good time provisions reducing the maximum sentence to determine mandatory discharge would still apply and a person serving a flat thirty year sentence would be entitled to mandatory discharge after serving fifteen years, five months. Under Senator Simon's amendment to his amendment, the good time reductions from the maximum term would also be eliminated and a convicted offender would serve the total of his maximum term.
Finally, we are of the opinion that if the desired end is to assure that a first degree murderer serves a total of thirty years before he is released from the custody of the state, that your proposal that he be sentenced to a minimum of forty-five years, with the provision that no parole shall be possible until at least two-thirds of the sentence has been served, would also accomplish this purpose and be constitutionally defensible.